UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREAT LAKES INSURANCE SE,

      Plaintiff,

    v.

TORCHIATI, LLC,  PERSAUD
PROPERTIES FL INVESTMENTS
LLC,

      Defendants,

Case No. 2:24-cv-814-KCD-KRH

/

## **ORDER**

Hurricane Ian devastated the beachfront property housing two restaurants: Fresh Catch Bistro and Junkanoo on the Beach. Their owner, Torchiati, LLC, submitted an insurance claim to Great Lakes Insurance SE. While Great Lakes agreed to cover the damage to Fresh Catch, it denied coverage for Junkanoo, blaming the destruction on an excluded peril. The parties' coverage dispute eventually landed in this Court. (*See* Doc. 1.)

Earlier in the litigation, the Court ordered the parties to appraisal. (*See* Doc. 35.) The instruction was simple: the appraisal panel needed to determine the amount of loss for "both buildings." (*Id.* at 8.) The panel subsequently returned an award for the physical damage to Junkanoo. (*See* Doc. 40-1.) Yet the panel stopped short of valuing the accompanying business interruption claim, recording only "Did Not Appraise." (*Id.*)

Torchiati now asks the Court to remand the case back to the panel to finish the job. (Doc. 55 at 23.) Great Lakes resists, arguing that Torchiati failed to provide the necessary financial documents to the appraisers. So under principles of res judicata, the appraisal panel's decision is final, and the books are closed on the business interruption claim. (Doc. 59 at 6-8.)

The fundamental problem is that the Court cannot tell whether the appraisal panel followed its directive. The award form states, in plain terms, that the panel "Did Not Appraise" the business interruption loss. (Doc. 40-1.) Great Lakes insists this notation reflects a failure of proof—that Torchiati presented no financial evidence, leaving the panel with nothing to evaluate. But the limited record provided to the Court does not clearly support that leap. The phrase "Did Not Appraise" suggests precisely what it says: the panel bypassed the issue entirely and made no decision on it at all.

As the Court sees it, the best (if not only) viable course is to send the case back to the panel. If Great Lakes is right—and the panel lacked the evidence needed to value the claim—the appraisers can explicitly say so by returning a definitive award of zero. Otherwise, the panel must appraise the loss as directed. Until the panel resolves this confusion, the Court will take no action on the existing appraisal award, nor will it entertain any remaining defenses to payment.

2

That missing clarity also sinks Great Lakes' reliance on *res judicata.* For *res judicata* to bar a claim, there must be, among other things, a final ruling on the merits. *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Because the Court cannot say the appraisal panel actually reached a decision on the business interruption claim, the doctrine does not apply.

Finally, both parties have moved for summary judgment on the remaining pieces of this dispute. (Doc. 54, Doc. 55.) The Court will not resolve those issues piecemeal. Instead, the Court will wait until the appraisal panel returns with a decision on the business interruption claim. The pending requests for summary judgment (Doc. 54, Doc. 55) are thus denied without prejudice.

Accordingly, it is now **ORDERED**:

1.     Torchiati's Motion for Partial Summary Judgment and Renewed Motion to Compel Appraisal (Doc. 55) is **GRANTED IN PART AND DENIED IN PART**. The case is remanded to the appraisal panel to enter an award, whatever that may be, for the business interruption claim on Junkanoo. The motion is otherwise denied without prejudice.

2.     The case is **STAYED** pending completion of the remanded appraisal. The Clerk is directed to **ADD A STAY FLAG** and **ADMINISTRATIVELY CLOSE** the case.

3.      The parties must file a joint report on the status of the remanded appraisal on or before October 31, 2026, and every ninety days thereafter until complete.

4.      Great Lakes' Motion for Summary Judgment (Doc. 54) is **DENIED WITHOUT PREJUDICE**.

**ENTERED** in Fort Myers, Florida on July 7, 2026.

Kyle C. Dudek
United States District Judge

4